**Robert Joseph BUTLER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc., Respondent-Appellee.**

No. 79–2503

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1980.

Robert Joseph Butler, pro se.

Jim Smith, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.

PER CURIAM.

Appellant Robert Joseph Butler filed in the district court a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in the Florida state courts for robbery and possession of firearms by a convicted felon. The court below dismissed appellant's motion without a hearing. We affirm.

As the sole basis for his petition for habeas relief, appellant alleges that his privately retained counsel was ineffective in presenting his defense because he failed to move to suppress the fingerprint standard taken following appellant's arrest and because he failed adequately to investigate the facts of the case. Our review of the record convinces us that counsel was not ineffective under the standard set by *Fitzgerald v. Estelle,* 505 F.2d 1334 (5th Cir. 1974) (en banc), *cert. denied,* 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). Our affirmance of the district court's dismissal of appellant's petition does not of itself foreclose appellant from pursuing a future action in state court based on the illegality of his arrest and the use of evidence obtained as a result of that arrest. Of course, we express no opinion on the merits of such an action.

AFFIRMED.